file a response to Appellant's reply to Appellee's opposition to said motion, is hereby denied. Appellant will file a supplement to the petition for grant of review that complies with Rule 21(b) on or before December 6, 2012.

No. 13–0100/AR. U.S. v. Mathew J. Williamson. CCA 20100828. Appellant's motion to extend time to file the supplement to the petition for grant of review is hereby granted to December 10, 2012.

No. 13–0122/AR. U.S. v. Michael S. Spiess. CCA 20100229. Appellant's motion to extend time to file the supplement to the petition for grant of review is hereby granted to December 10, 2012.

Misc. No. 13–8014/NA. U.S. v. Rene Trujillo. Notice is hereby given that a motion for an extension of time to take appeal was filed by Appellant on November 7, 2012, and placed on the docket this date. On consideration thereof, it is ordered that said motion is hereby denied.

No. 12–0336/AR. U.S. v. Christopher L. Covington. CCA 20090877. Appellant's *second* motion to extend time to file the supplement to the petition for grant of review granted, *but only up to and including December 11, 2012*, and *absent extraordinary circumstances, no further extension of time will be granted in this case*.

No. 12–0616/AR. U.S. v. Timothy E. Bennitt. CCA 20100172. Appellant's motion to extend time to file a reply brief granted, *up to and including December 3, 2012,*

and *absent extraordinary circumstances, no further extension of time will be granted in this case.*

No. 13–0095/AR.   U.S. v. Jeffrey W. Swartz.   CCA 20091041.   Appellant's *second* motion to extend time to file the supplement to the petition for grant of review granted, *up to and including December 5 , 2012, absent extraordinary circumstances, no further extension of time will be granted in this case.*

No. 13–0127/MC.   U.S. v. Preston D. Walker.   CCA 201100463.   Appellant's motion to extend time to file the supplement granted to December 17, 2012.

No. 13–0128/AR.   U.S. v. Luis R. Hernandez, II.   CCA 20110105.   Appellant's motion to extend time to file the supplement granted to December 17, 2012.

No. 13–0129/NA.   U.S. v. Marcus R. Smith.   CCA 201100433.   Appellant's motion to extend time to file the supplement granted to December 17, 2012.

No. 13–0131/AR.   U.S. v. Evan R. Brown.   CCA 20100022.   Appellant's motion to extend time to file the supplement granted to December 17, 2012.

No. 13–8006/AF.   Patrick Carter, Petitioner v. The United States, United States Air Force Court of Criminal Appeals, and Commander, United States Naval Consolidated Brig, Miramar, California, Respondents.   On consideration of the petition for extraordinary relief in the nature of a writ of habeas corpus, and Respondents' motion to submit documents, it is ordered that said motion to submit documents is hereby denied, and the United States Air Force Court of Criminal Appeals shall either decide the case within 45 days or provide this Court with an explanation of the need for further consideration.

**No. 12–0693/AR.   U.S. v. Bradley O. Temple.   CCA 20090883.**   On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, we note that in discussing the sufficiency of the evidence as to the rape conviction, the Army Court of Criminal Appeals commented that "we are hesitant to substitute our judgment for that of the panel members who heard and saw the testimony of the witnesses.   We are even less likely to do so where there is other evidence such as the appellant's own incriminating statements, medical testimony, and scientific evidence which corroborates the victim's testimony." One might reasonably read the entire passage on evidentiary sufficiency and conclude that, taken as a whole, the reference to hesitating to substitute judgment for that of the members is nothing more than a recognition "that the trial court saw and heard the witnesses." Article 66(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 966(c) (2006).   However, one might also reasonably question whether the Army Court of Criminal Appeals clearly understood that it could not defer to the members but was obliged to give a new, fresh look at the testimony, particularly where there